UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARION D. MARSHALL,<br><br>                Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 2:15-cv-01833 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 11, 19, 20).

After considering and reviewing the record, the Court concludes that the ALJ erred by failing to credit fully the medical opinion of examining doctor, Dr. Todd Cannon, M.D. The ALJ relied mainly on a finding that there is a lack of evidence that

plaintiff's knee condition deteriorated since she performed work prior to her amended alleged date of disability onset. However, as even the ALJ found that plaintiff suffered from the severe impairment of degenerative arthritis of the right knee, a condition which by definition involves deterioration over time, the ALJ's finding is not supported by substantial evidence in the record, especially given plaintiff's closely approaching advanced age for the time period relevant for this appeal.

Therefore, as this error is not harmless, this matter is reversed and remanded to the Administration for further administrative proceedings consistent with this opinion.

## BACKGROUND

Plaintiff, MARION D. MARSHALL, was born in 1956 and was 52 years old on the amended alleged date of disability onset of September 14, 2009 (*see* AR. 25, 152-62). Plaintiff graduated from high school and had almost two and a half years of college (AR. 51). Plaintiff has some work experience as a live-in caregiver (AR. 52-53).

According to the ALJ, for the period of time relevant for this appeal, plaintiff had at least the severe impairments of "patellofemoral syndrome and degenerative arthritis of the right knee; obesity; affective disorder; and posttraumatic stress disorder (PTSD) (20 CFR 416.920(c))" (AR. 605).

At the time of the first hearing, plaintiff was temporarily homeless and living in different shelters and with her daughter (AR. 50).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and

following reconsideration (*see* AR. 86-89, 90-93). Plaintiff's first requested hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on September 22, 2011 (*see* AR. 44-73). On October 14, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. AR. 22-43). The Appeals Council upheld this "decision for the period from September 14, 2009 to October 14, 2011, but found that, due to an age change, the claimant was disabled on October 14, 2011, [after which the] claimant then sought relief for the prior period in District Court" (AR. 603). This Court reversed and remanded the ALJ's decision, and, after a second hearing on May 19, 2015, the ALJ issued another written decision in which she concluded that plaintiff was not disabled from September 14, 2009 to October 14, 2011 (AR. 599-619). It is plaintiff's appeal of that decision that currently is before this Court.

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ erred in failing to properly address the opinions of record; (2) Whether or not the ALJ erred in concluding that the plaintiff could perform work at the "Light" exertional level and in declining to apply grid rule 201.12; (3) Whether or not substantial evidence supports the ALJ's conclusion that from September 14, 2009 (*i.e.*, the amended onset date) to October 14, 2011 (*i.e.*, the date the Appeals Council found plaintiff disabled), plaintiff had the physical and mental residual functional capacity to sustain work at the "light" exertional level; and (4) Whether or not the ALJ erred in failing to provide legitimate reasons supported by the record for her finding on credibility (*see* Dkt. 11, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)   Whether or not the ALJ erred in failing to properly address the opinions of record.**

Here, plaintiff contends that the ALJ erred by failing to credit fully the medical opinion of examining doctor, Dr. Todd Cannon, M.D., in addition to other medical opinions (Dkt. 11, pp. 14-15). Defendant responds that "the ALJ reasonably gave little weight to Dr. Cannon's opinion regarding plaintiff's standing and walking restrictions [as she] pointed to evidence that plaintiff worked in the restaurant business subsequent to injuring her knee at 16, and that there was no objective evidence of worsening" (Dkt. 19, p. 13 (citing AR. 613)). However, since plaintiff worked in the restaurant business prior to her amended alleged onset date and, as acknowledged by the ALJ, plaintiff suffers from degenerative arthritis of the right knee as a severe impairment, defendant's argument is not persuasive.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81

1  F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.
2  1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

3        On October 12, 2008, Dr. Cannon completed a consultative examination of
4  plaintiff (AR. 331-37). Among other limitations, Dr. Cannon opined that due to "right
5  knee osteoarthritis" and "range of motion dysfunction," plaintiff was limited to two hours
6  of standing and walking per eight-hour workday (AR. 336). The ALJ gave significant
7  weight to Dr. Cannon's opinions regarding lifting and sitting abilities, but failed to credit
8  fully Dr. Cannon's opinion regarding standing and walking limitations, noting that it was
9  "based solely on her right knee condition" (AR. 613). The ALJ noted that plaintiff's knee
10 condition "which was due to a basketball injury at age 16, did not prevent her from being
11 able to work subsequently in various positions of the restaurant industry," and that there
12 was no evidence that plaintiff's knee condition deteriorated since that time (*id.*).

13       Defendant counters plaintiff's argument by noting that the ALJ "pointed to
14 evidence that plaintiff worked in the restaurant business subsequent to injuring her knee
15 at 16, and that there was no objective evidence of worsening" (Dkt. 19, p. 13 (citing AR.
16 613)). This is the only argument presented by defendant in support of the ALJ's failure to
17 credit fully Dr. Cannon's opinion regarding standing/walking limitations (*see id.*).
18 However, the Court notes that decades have passed since plaintiff's knee injury, and the
19 ALJ found that plaintiff suffers from the severe impairment of degenerative arthritis of
20 the right knee, an impairment that, by definition, results in degenerative changes over
21 time. The record demonstrates that plaintiff's degenerative arthritis is backed by objective
22 evidence consisting of "an x-ray of her right knee," as well as by the opinion from

examining doctor, Dr. Cannon, and his observations of "range of motion limitation, and crepitus on that side" (AR. 336). Therefore, this reasoning of a lack of deterioration over time is not supported by substantial evidence in the record. This reason, along with plaintiff's ability to stand and walk at work performed *before* her amended alleged date of disability onset, is the only rationale offered by the ALJ for failing to credit fully Dr. Cannon's opinion regarding standing/walking limitation that is defended by defendant (*see* Dkt. 19, p. 13). This rationale does not entail specific and legitimate reasons supported by substantial evidence in the record as a whole for failure to credit fully his opinions regarding standing/walking limitations. Plaintiff's ability to perform standing and walking prior to her amended alleged onset date is not a legitimate reason for failing to credit fully Dr. Cannon's opinion regarding her ability to stand and walk years later, when she suffers from degenerative arthritis of the right knee.

Although not defended by defendant, the Court also notes that the ALJ supported her finding that there was a lack of evidence for plaintiff's knee condition deteriorating by characterizing plaintiff's treatment as "minimal" (AR. 613). However, the ALJ does not cite to any evidence in the record that there was any treatment recommended by any doctor regarding her knee condition that plaintiff failed to follow. Although the ALJ indicates that plaintiff did not undergo physical therapy or receive any injections, the ALJ does not cite to any evidence in the record that these treatments were offered to plaintiff; that they were recommended by any doctor; or that any doctor opined that such treatments would help her knee condition. Similarly, although the ALJ characterizes imaging results and physical examination results as "benign," Dr. Cannon described

plaintiff's imaging results and conducted a physical examination and opined that they supported his opinion regarding limitations. As Dr. Cannon is a medical doctor and the ALJ is not, offering her own characterization of the evidence does not entail specific and legitimate reasons based by substantial evidence in the record as a whole for failing to credit fully the opinions from the examining doctor. *See Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted)). Although the ALJ notes that other doctors provided different opinions, this merely indicates the standard which the ALJ must meet for any failure to credit fully Dr. Cannon's opinion, that is specific and legitimate reasons based on substantial evidence in the record as a whole.

Based on the reasons stated and the record as a whole, the Court concludes that the ALJ erred in her evaluation of the opinion of Dr. Cannon regarding the standing/walking limitation as she did not offer legitimate rationale for failing to credit it fully. *See Lester*, 81 F.3d at 830-31 (citations omitted).

The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Dr. Cannon opined that plaintiff was limited to two hours of standing/walking in an eight-hour shift (AR. 336). This limitation was not included into the ALJ's residual functional capacity ("RFC") determination. Including this limitation into the RFC may have resulted in a different disability determination. The Court cannot conclude with confidence that "no reasonable ALJ, when fully crediting the [opinion from Dr. Cannon], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless.

The medical evidence should be evaluated anew following remand of this matter, especially that of Dr. Cannon, for which the ALJ did not offer legitimate rationale for failing to credit fully. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043; *Murray*, 722 F.2d at 502). However, regarding plaintiff's request for remand with a

direction to award benefits, because it is not clear that plaintiff would be disabled if this evidence was credited-as-true, this matter should be reversed and remanded for further administrative proceedings. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)) (remand with a direction to award benefits only is appropriate when "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited").

### (2) Whether or not the ALJ erred in concluding that the plaintiff could perform work at the "Light" exertional level and in declining to apply grid rule 201.12.

Here, plaintiff contends that the ALJ erred by failing to apply grid rule 201.12 after explicitly finding that plaintiff required an additional limitation beyond those of the full range of light work (Dkt. 11, pp. 15-16). Defendant does not respond to this argument and therefore implicitly concedes plaintiff's contention of error (*see* Dkt. 19).

Plaintiff contends that had "the ALJ correctly applied grid rule 201.12 which is applicable to individuals limited to 'sedentary' work who have attained age 50, a finding of disability would have been directed" (Dkt. 11, p. 15). Plaintiff's also notes that a physical consultative examiner concluded that plaintiff would not be able to stand and walk sufficiently to perform light work (*id.*, p. 16; *see also* AR. 336 (the "number of hours the claimant could be expected to stand and walk in eight-hour workday is two hours secondary to right knee osteoarthritis and range of motion dysfunction")). Plaintiff's contention has some merit, although the Court notes that although the ALJ

concluded that plaintiff could not perform the full range of light work, she did not conclude that plaintiff was limited to sedentary work.

The ALJ found that from September 14, 2009 through October 14, 2011, the relevant time period for this appeal, plaintiff had the RFC for less than a full range of light work, as plaintiff had the additional limitation of being able only to "stand and/or walk for up to 30-minute intervals before needing to sit briefly (*i.e.* for 5 to 15 minutes)" (AR. 608). As noted by plaintiff, "Defendant Agency's own guidelines state that 'the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" (Dkt. 20, p. 2 (quoting SSR 83-10, 1983 SSR LEXIS 30 at *14)). If plaintiff needed to sit for 15 minutes after every 30 minutes, a limitation contemplated by the ALJ's RFC, plaintiff would not be capable of standing or walking for 6 hours out of an 8-hour workday, rendering her incapable of the full range of light work and suggesting that she only could perform the full range of sedentary work.

In addition, as noted by the ALJ, at the amended alleged onset date ("AOD") of September 14, 2009, plaintiff "was 52 years old" (AR. 617). The ALJ also found that, at that time, plaintiff "was unable to perform any past relevant work," and that transferability "of job skills is not an issue in this case because the claimant's past relevant work is unskilled" (AR. 617-18).

According to the relevant federal regulation:

> Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains.

20 C.F.R. § 404, subpart P, Appendix 2, § 201.00(g).

In addition, according to the relevant table/grid, for a claimant who is closely approaching advanced age (50-54), who is a high school graduate or more, without transferable skills providing for direct entry into skilled work, whose past relevant work is unskilled, and who is limited to sedentary work, the decision directed by the Rule is "disabled." *Id.* at Table 1, Rule 201.12.

Therefore, as plaintiff was approaching advanced age at her AOD, could not perform past relevant work, had no transferable job skills and could not perform light work as defined by the Social Security Administration, this federal regulation suggests that a finding of disability might have been indicated. *See id.* However, just because plaintiff cannot perform the full range of light work does not mean that plaintiff is limited to sedentary work. But, because the federal regulations suggest that a determination of disability may be warranted due to additional restrictions placed on plaintiff beyond light work, the ALJ should address this issue explicitly following remand of this matter.

**(3) Whether or not substantial evidence supports the ALJ's conclusion that from September 14, 2009 (*i.e.*, the amended onset date) to October 14, 2011 (*i.e.*, the date the Appeals Council found the plaintiff disabled), plaintiff had the physical and mental residual functional capacity to sustain work at the "light" exertional level.**

Because this matter must be reversed and remanded for further administrative proceedings, the ALJ's findings regarding plaintiff's RFC will, as a necessity, be revisited following remand of this matter if the ALJ reaches that point in the sequential disability evaluation process.

**(4)    Whether or not the ALJ erred in failing to provide legitimate reasons supported by the record for her finding on credibility.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

As September 14, 2009, plaintiff's amended onset date, through October 14, 2011, the date the Appeals Council found the claimant disabled, is the relevant time period for this appeal, remand of this matter is for consideration of this time period only (*see, e.g.*, AR. 606).

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 25th day of October, 2016.

_____
J. Richard Creatura
United States Magistrate Judge